**WILLIAMS et al. v. BOWLES, Price Adm'r, Office of Price Administration, et al.**

**No. 685.**

District Court, W. D. Kentucky, at Louisville.

July 6, 1944.

284

Wm. F. Clarke, of Louisville, Ky., and Paul R. Summers, of Indianapolis, Ind., for plaintiffs.

Fritz Krueger, of Mt. Vernon, Ky., for defendants.

MILLER, District Judge.

Plaintiffs, operators of a retail gasoline station in Louisville, Kentucky, brought this action to enjoin the enforcement of an order of the Price Administrator, suspending the sale of gasoline at the station in question for a period of two months because of violation of rationing regulations. The facts have been previously stated in the Court's Memorandum of March 16, 1944.[1] The action is now before the Court on the defendants' motion to dismiss the complaint.

Since the entry of the temporary injunction on March 16, 1944, the basic legal question involved in this action has been passed upon by the Supreme Court in L. P. Steuart & Bro. Inc., v. Chester Bowles, 64 S.Ct. 1097. In that case the Supreme Court held that the power of the President under the Second War Powers Act, 50 U.S.C.A.Appendix § 631 et seq., to allocate materials included the power to issue suspension orders against retailers and to withhold rationed materials from them where it is established they have acquired and distributed the rationed materials in violation of the ration regulations. The lower court's dismissal of a suit to enjoin the enforcement of a suspension order was affirmed. That ruling is decisive of this case, unless plaintiff's contention hereinafter referred to is sustained.

Plaintiffs contend that even conceding the authority of the Price Administrator to issue the suspension order in question, yet such orders of an administrative board are subject to judicial review, and can be held invalid if they are so arbitrary as to constitute an abuse of discretion or to deprive one of his constitutional rights. It is urged upon the Court that the suspension order in question is so arbitrary and harsh in its effect that it should be declared invalid in this review proceeding. The general principle of administrative law contended for by the plaintiffs is well recognized. Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015; Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S. Ct. 437, 84 L.Ed. 656; Scripps-Howard Radio v. Federal Communications Commission, 316 U.S. 4, 62 S.Ct. 875, 86 L. Ed. 1229. However, it is also well settled that the scope of judicial review is not unlimited, and that in such a proceeding the Court has no authority to substitute its judgment of fairness for that of the agency, even though it might disagree with the agency's ruling, so long as the ruling is not of the arbitrary character referred to. 42 American Jurisprudence, Subject Public Administrative Law, Section 209. That authority in outlining the scope and extent of judicial review of administrative orders states the following rule which appears applicable to the present proceeding: "The court has nothing to do with the wisdom or expediency of the measures adopted by an administrative agency to which the formulation and execution of state policy has been intrusted, and must not substitute its judgment or notions of expediency and fairness or wisdom for those which have guided such agency, even where the proof is convincing that a different result would have been better. These are matters left by the legislature to the administrative 'tribunal appointed by law and informed by experience.'" The following cases afford good examples of this rule: Railroad Commission v. Rowan & Nichols Oil Co., 310 U.S. 573, 580–584, 60 S.Ct. 1021, 84 L.Ed. 1368; Commission of Havemeyer, 296 U.S. 506, 517–518, 56 S.Ct. 360, 80 L. Ed. 357; Assigned Car Cases, 274 U.S. 564, 578 through 581, 47 S.Ct. 727, 71 L.Ed. 1204; New York Central Securities Co. v.

---

[1] No opinion for publication.

United States, 287 U.S. 12, 29, 53 S.Ct. 45, 77 L.Ed. 138. The argument so strongly presented in this case by counsel for the plaintiffs is essentially similar to the arguments presented to the Supreme Court in the cases above referred to, in which cases they were adjudged insufficient. The suspension order complained of in the present case may carry with it certain hardships which this Court might not consider necessary if the matter was before it for initial decision; but such an order with its attendant hardships is not in the court's opinion confiscatory or so harsh as to deprive the plaintiffs of any of their constitutional rights. Accordingly, the Court has no authority to substitute its own judgment in the matter for that of the Price Administrator as embodied in the order complained of.

Defendants' motion to dismiss the complaint is sustained.