## ILLARIO v. BOWLES, Adm'r, Office of Price Administration.

### Civil Action No. 3811.

District Court, D. New Jersey.

Oct. 21, 1944.

Anthony A. Calandra, of Newark, N. J., for complainant.

Albert I. Schmalholz, Regional Litigation Atty., Office of Price Administration, of

Brooklyn, N. Y., and Sidney S. Stark, Dist. Enforcement Atty., Office of Price Administration, of Trenton, N. J., for defendant.

FORMAN, District Judge.

Complainant, Dolphy Illario, seeks to have vacated and set aside an order of the Hearing Commissioner of the Office of Price Administration issued July 11, 1944, suspending him from buying, selling and dealing in gasoline from August 1, 1944 until the date of the expiration of the rationing of gasoline, or, in the alternative, to have said order modified.

Dolphy Illario is the owner of a gasoline station in Somerville, New Jersey. On June 30, 1944, he received a notice to answer charges of having accepted, possessed and transferred counterfeit gasoline ration coupons in violation of ration orders. He appeared before the Hearing Commissioner at a hearing held on July 7, 1944. He was fully advised of his right to have counsel to represent him, but elected to proceed without benefit of counsel. The complainant was found guilty of the charges against him and the aforesaid suspension order was entered. An appeal was taken from this order to the Hearing Administrator. The order was affirmed with a slight modification on September 4, 1944.

The evidence adduced at the hearing established that complainant delivered to his gasoline supplier between January 23, 1944, and March 7, 1944, 12 gummed sheets containing a total of 542 "C–2" coupons, of which 205 coupons having a value of 1025 gallons were counterfeit. He admitted accepting 80 of these coupons from one "Tony," whom he did not know, without identification or ration book, which coupons were accepted loose, detached and unendorsed, all in violation of the regulations. He also admitted having made notations on these coupons of fictitious license numbers, a deliberate circumvention of the regulation requiring that the gasoline purchaser's license plate number must appear on the coupon. He further explained that at the time of accepting Tony's coupons he did not transfer gas to him, but accepted them to use against a then existing shortage in his gasoline ration account with the supplier.

Upon final hearing before this court, complainant attempted to offer evidence de novo. This offer was rejected. We are precluded from reconsidering the evidence taken in an administrative proceeding unless the administrative agency departs from applicable rules of law. If the findings of the administrative agency had a basis in substantial evidence and were not arbitrary or capricious, under the decisions of the Supreme Court this court cannot substitute its judgment for that of the agency. Reconstruction Finance Corp. v. Bankers Trust Co., 318 U.S. 163, 169-171, 63 S.Ct. 515, 87 L.Ed. 680; Scripps-Howard Radio v. Fed. Communications Comm., 316 U.S. 4, 10, 62 S.Ct. 875, 86 L.Ed. 1229; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 400, 60 S.Ct. 907, 84 L.Ed. 1263; Rochester Tel. Corp. v. United States, 307 U.S. 125, 139, 140, 146, 59 S.Ct. 754, 83 L.Ed. 1147; Myers v. Bethlehem Corp., 303 U.S. 41, 49, 58 S.Ct. 459, 82 L.Ed. 638.

There is ample evidence of a substantial nature to support the findings of the Commissioner in this case. Complainant's contention that the conduct of the Commissioner was arbitrary and capricious is without basis. Complainant attempts to compare the action taken by the Commissioner in another case similar to the instant case and points out that in that case the suspension order was reduced to 60 days. The argument is without merit. Each case must be decided on its own set of facts and weight given to all the circumstances together.

Complainant further contends that the suspension period is uncertain, vague and indefinite. Quite the contrary is the fact. It expires at *11:59 p.m. on the date of the expiration of the rationing of gasoline.* The provisions of the act under which the suspension order was issued terminate under the terms thereof on December 31, 1944 or upon the date of a proclamation by the President, or upon the date specified in a concurrent resolution by the two Houses of the Congress, declaring that the further continuance of the authority granted by this Act is not necessary in the interest of the national defense and security, whichever date is the earliest. 50 U.S.C.A.Appendix § 645. While this provision does not fix a set date of expiration, it does designate the termination of the rationing period with reasonable certainty.

Congress amended the Emergency Price Control Act of 1942, as amended, and

the Stabilization Act of October 2, 1942, as amended, on June 30, 1944, by adding to the end of section 205 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 925, the following subsection:

"(g) The district courts shall have exclusive jurisdiction to enjoin or set aside, in whole or in part, orders for suspension of allocations, and orders denying a stay of such suspension, issued by the Administrator pursuant to section 2(a) (2) of the Act of June 28, 1940, as amended by the Act of May 31, 1941, and title III of the Second War Powers Act, 1942, and under authority conferred upon him pursuant to section 201(b) of this Act. Any action to enjoin or set aside such order shall be brought within five days after the service thereof. No suspension order shall take effect within five days after it is served, or, if an application for a stay is made to the Administrator within such five-day period, until the expiration of five days after service of an order denying the stay. No interlocutory relief shall be granted against the Administrator under this subsection unless the applicant for such relief shall consent, without prejudice, to the entry of an order enjoining him from violation of the regulation or order involved in the suspension proceedings."

Complainant argues that this amendment serves to enlarge the powers of the court to review administrative suspension orders and changes the existing law with respect to such review. Such was not the intent of Congress. The text of the new subsection contains nothing that will admit of such an interpretation. The following explanation of this subsection contained in a report of the Senate Committee on Banking and Currency, filed May 30, 1944, as set forth in the United States Code Congressional Service, 1944, No. 6, at page 2·256, et seq., is decisive of its meaning:

"Section 109 of the bill adds a new subsection (g) to section 205 of the Emergency Price Control Act. The principal purpose of this amendment is to give statutory sanction to the right of judicial review of rationing suspension orders. Such a right already exists and has always been acknowledged by the Administrator. The amendment will also eliminate doubts as to the jurisdiction of the district courts in suits where the amount in controversy does not exceed $3,000 exclusive of interest and costs. Since the amendment grants jurisdiction to the district courts irrespective of jurisdictional amount, any necessity for resort to the State courts (which would involve serious questions as to the legality or propriety of instituting suit against Federal officers in such courts) is also eliminated. Jurisdiction of the Federal courts is therefore made exclusive. Because of the acute public danger involved in the postponement of the effectiveness of suspension orders, the amendment requires prompt resort to the district court for judicial review. The amendment does not change the ordinary rule of judicial administration requiring exhaustion of administrative remedies before resort to the courts, and no review may be obtained unless resort has been had to all administrative remedies within the Office of Price Administration. However, if an administrative stay pending exhaustion of such remedies is not accorded judicial review of such denial of a stay may be had and the court may stay the operation of the suspension order until the administrative process has been completed. Under the amendment, the court may temporarily restrain the effectiveness of the suspension order after the administrative process has been completed, pending judicial review. However, no interlocutory relief may be granted in any case unless the applicant for such relief first consents, without prejudice, to the entry of an order enjoining him from violating the Administrator's regulations or orders involved in the suspension proceedings."

Therefore judgment shall be entered in favor of the defendant of no cause for action upon the part of the complainant, but without costs.