## WILLIAMS v. BOWLES, Administrator, Office of Price Administration, et al.

### No. 834J Civil.

District Court, S. D. Florida,
Jacksonville Division.

June 29, 1945.

Millard B. Conklin, of Daytona Beach, Fla., for plaintiff.

John G. Simms, of Jacksonville, Fla., for defendants.

STRUM, District Judge.

Plaintiff, a filling station operator, seeks to enjoin the enforcement of a suspension order issued by the Chief Hearing Commissioner for Region IV, suspending plaintiff from dealing in gasoline for ninety days, for violation of Ration Order 5C and General Ration Order No. 8, issued under authority of the Second War Powers Act, 50 U.S.C.A.Appendix § 1152, as amended by 50 U.S.C.A.Appendix § 633.

In brief, the facts found by the Administrative Hearing Commissioner and Administrator are that on November 10, 1944, plaintiff had an inventory shortage of 463 gallons of gasoline; that during a period of 60 days he acquired and used 207 coun-

terfeit gasoline ration coupons out of 805 submitted during that period; and that during November, 1944, plaintiff possessed gasoline ration coupons which were not acquired in accordance with Ration Order 5C, in that they either bore no automobile license numbers, or numbers which were spurious.

■ This Court is not authorized to review the administrative finding for mere error, nor to determine whether or not the Court, on the evidence before the administrative officers, would have reached a different conclusion. The authority and responsibility for the issuance or withholding of rationed commodities has been confided by Congress to administrative authority under the direction of the President. When the administrative authority acts within the scope of the authority delegated to it by Congress, and when it acts upon substantial supporting evidence, after due notice to the party charged with a violation and a fair opportunity to him to be heard, their findings are final. It is only when in their proceedings they violate the essential requirements of due process that their actions are subject to judicial restraint. Perkins v. Brown, D.C., 53 F.Supp. 176, approved in Brown v. Wilemon, 5 Cir., 139 F.2d 730; Illario v. Bowles, D.C., 57 F. Supp. 404; L. P. Steuart & Bro., Inc., v. Bowles, 322 U.S. 398, 64 S.Ct. 1097, 88 L.Ed. 1350; Williams v. Bowles, D.C., 56 F.Supp. 283.

■ Even under the Act of December 20, 1944, 50 U.S.C.A.Appendix § 633, the Courts do not review the administrative findings for mere error of judgment. Such review is still confined to a determination of whether or not the administrative authority has proceeded according to the essential requirements of law, and whether there is substantial evidence to support their findings. If so, the Court is not authorized to inquire further. Illario v. Bowles, D.C., 57 F.Supp. 404; Perkins v. Brown, D.C., 53 F.Supp. 176.

In this case, the facts found by the Hearing Commissioner are not denied by the plaintiff. Plaintiff was given a full, fair hearing, after due notice. There is substantial evidence to support the original findings of the Hearing Commissioner, and the appellate findings of the Hearing Administrator. Plaintiff was accorded an opportunity to introduce evidence in his behalf, as far as he desired to do so.

■ The principal contention made by the plaintiff is that his transgressions were not wilful, but merely negligent and inattentive. Assuming this to be true, it is no bar to a suspension order, for a negligent or inattentive dealer can do just as much harm to the rationing plan as one who acts wilfully or with sinister motives. "Wilfulness" is an essential element of the criminal offense created by the Act, but it is not an essential prerequisite to a suspension order. The absence of wilfulness is therefore not an adequate ground for judicial relief against such a suspension order. This proposition was considered by the Circuit Court of Appeals for this Circuit in Brown v. Wilemon, 5 Cir., 139 F.2d 730, 732, an exact counterpart of this case. In reversing the District Court which granted an injunction restraining a similar suspension order, the Court quoted with approval the following comment of the Hearing Administrator: "Thus wilfulness is not a necessary element in establishing a violation of a ration order. The purpose of suspension order proceedings is to determine whether a respondent may continue to be entrusted with the privilege of dealing with rationed commodities without further limitations." See also Illario v. Bowles, D.C., 57 F.Supp. 404.

■ A Court should not substitute its judgment for that of the administrative officers, where, as here, the plaintiff was fully and fairly heard after reasonable notice and there is substantial evidence to support the administrative finding. It follows that the injunction must be denied.